# IN THE UNITED STATES DISTRICT COURT
# OF SOUTH CAROLINA
# CHARLESTON DIVISION

**MATTHEW DIONYSIUS**, *Individually, on behalf of himself and on behalf of others similarly situated*,

    Plaintiff,

v.                                                          Case No. 2:23-cv-6791-BHH

                                           **JURY TRIAL DEMANDED**

**VOLVO CAR NORTH AMERICA, LLC**     FLSA Opt-In Collective Action

    Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Matthew Dionysius ("Plaintiff"), individually, and on behalf of himself and all other similarly situated hourly-paid employees of Volvo Car North America, LLC ("Volvo"), by and through his counsel, brings these claims for "off-the-clock" overtime violations as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") against Volvo. In addition, Plaintiff brings Rule 23 class claims against the Defendans on behalf of himself as well as similarly situated employees for unpaid wages, treble damages, and other relief under the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann § 41-10-10, *et seq*. Upon personal belief as to himself and his own acts, and as for all other matters upon information and belief and, based upon the investigation made by his counsel, alleges as follows:

## I.     JURISDICTION AND VENUE

1

1. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Volvo conducts business within this District. In addition, the events, commissions, inactions and omissions giving rise to the claims pleaded in this Collective Action Complaint occurred within this District.

## II.     PARTIES

3. Plaintiff Matthew Dionysius was, at all material times, a resident of South Carolina and worked as an hourly-paid (protective safety geared) employee of Volvo at its Ridgeville, South Carolina facility during the three (3) year period immediately preceding the filing of this Collective Action Complaint (hereinafter "Violation Period"). Specifically, Plaintiff Dionysius was employed as an hourly-paid Maintenance Technician. Plaintiff Dionysius' Consent to Join this Collective Action as a Named Plaintiff is attached hereto as *Exhibit A*.

4. Plaintiff is an "employee" as defined by the FLSA, who worked as an hourly-paid (protective safety geared) employee of Volvo at its Ridgeville, South Carolina facility during the Violation Period. Plaintiff seeks to send notice of this action pursuant to 216(b) to current and former hourly paid (protective safety geared) Maintenance Technicians (hereinafter "Covered Employees").

5. Defendant Volvo Car North America, LLC is a Delaware Limited Liability Company with its principal address and corporate headquarters located at 1800 Volvo Pl, Mahwah, NJ 07430. Volvo is an employer, as defined in 29 U.S.C. § 203(d) and can be served process

2

via its registered agent: CT CORPORATION SYSTEM at 2 Office Park Court Suite 103 Columbia, South Carolina 29223.

### III.     FACTUAL BACKGROUND

6. Volvo classified all its Covered Employees as non-exempt under the FLSA and paid them an hourly rate. Plaintiff shared the same or similar compensation and other work-related plans, policies and practices with the Covered Employees.

7. Plaintiff and Covered Employees were typically scheduled to work at least forty (40) hours per week, but at times worked additional hours, including overtime hours in excess of forty (40) hours per week.

**Covered Employees Performed Compensable Activities "Off-The-Clock"**

8. Plaintiff and other similarly situated employees performed compensable activities "off-the-clock" prior to and after their regularly scheduled shifts during the Violation Period without receiving compensation for such "off-the-clock" activities, as required by the FLSA.

9. Some of the uncompensated "off-the-clock" activities performed by Plaintiff and Covered Employees consisted of:

   (a) being required, forced, induced, encouraged, expected and, suffered or permitted, to don (put on) protective safety items and gear before clocking-in to their regularly scheduled shifts, without being compensated for such donning time; and

   (b) being required, forced, induced, encouraged, expected and, suffered or permitted, to doff (take off) protective safety items and gear after clocking-out of their regularly scheduled shifts, without being compensated for such doffing time.

10. Donning protective safety items and gear prior to their regularly scheduled shifts was an integral and indispensable part of Plaintiff's and similarly situated Covered Employees' job requirements and duties during the Violation Period.

11. Doffing protective safety items and gear after their regularly scheduled shifts was an integral and indispensable part of Plaintiff's and similarly situated Covered Employees' job requirements and duties during the Violation Period.

12. Volvo required Plaintiff and Covered Employees to don and doff Volvo issued fully protective arc flash pants and shirts as well as other protective gear such as goggles, steel toed boots, gloves, ear plugs and hard hats.

13. In addition to unpaid time spent donning and doffing integral and indispensable protective safety equipment, Plaintiff and Covered Employees were required to work "off the clock" in the following ways:

    (a) after donning protective safety items at their locker, walking to the center of the facility to retrieve their lock out-tag out badge from the board and preparing their workstation before clocking in ; and

    (b) cleaning their workstation, returning their lock out-tag out badge to the board, and walking from the center of the facility to their locker to begin doffing their protective safety items after clocking out.

14. Volvo has/had actual and constructive knowledge of Plaintiff and other similarly situated Covered Employees performing compensable job duties "off-the-clock" during and outside their regularly scheduled hours without being paid for such time.

15. The net effect of Volvo's common plan, policy and practice of failing to pay Plaintiff and other similarly situated Covered Employees for all work performed, including all overtime

4

work performed, was a scheme to save payroll costs and payroll taxes for which Volvo has unjustly enriched itself and has enjoyed ill gained profits at the expense of Plaintiff and Covered Employees.

16. Considering that Plaintiff and other similarly situated Covered Employees worked forty (40) or more hours during weekly pay periods of the Violation Period for Volvo, had they properly been compensated for all "off-the-clock" work, such time would have been added to their overtime hours and treated as overtime for purposes of calculating and computing overtime compensation under the FLSA.

## Volvo Failed to Keep Accurate Time Records

17. Volvo failed to accurately record actual hours worked by Plaintiff and other similarly situated Covered Employees as required by the FLSA, 29 C.F.R. §516.2(a)(7).

18. Instead of accurately recording all time worked by Plaintiff and Covered Employees, Volvo willfully required, forced, induced, encouraged, expected and, suffered and/or permitted, Plaintiff and other similarly situated covered employees to perform tasks and work additional time in excess of forty (40) hours per week within weekly pay periods of the Violation Period, for which all such hours were not recorded.

19. Volvo knew, and was aware at all times, that Plaintiff and Covered Employees worked more hours than the hours reflected in their scheduled shifts, and at times more than forty (40) hours within weekly pay periods of the Violation Period without compensating them at the rate of one and one-half times their regular hourly rate of pay for all such overtime hours, as required by the FLSA, and; thereby violated the overtime compensation requirements of the FLSA.

20. Volvo knew, and was aware at all times, that it was not recording all of the work time of Plaintiff and other similarly situated Covered Employees during the Violation Period.

21. Volvo required, forced, induced, encouraged, expected, suffered and/or permitted, Plaintiff and other similarly situated Covered Employees to perform uncompensated work and was aware at all times that they performed such uncompensated work during the Violation Period, in violation of the FLSA.

### Volvo Knew It Did Not Properly Pay Its Covered Employees

22. Volvo failed to pay Plaintiff and other similarly situated Covered Employees for all hours actually worked, including overtime wage compensation for such hours worked in excess of forty (40) per week within weekly pay periods during the violation period, as required by the FLSA.

23. Volvo's common plans, policies and practices of failing to compensate Plaintiff and other similarly situated Covered Employees for all "off the clock" hours worked (as describe above), including overtime hours at the required overtime rate, violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1). As a result of Volvo's unlawful practices, it benefited from reduced labor and payroll costs.

24. Volvo failed to compensate Plaintiff and other similarly situated Covered Employees in accordance with its unlawful common plans, policies and practices of working them "off the clock" (as described above), without pay.

25. As a result of Volvo's improper and willful failure to pay Plaintiff and other similarly situated Covered Employees in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages.

### FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

27. Plaintiff seeks to send notice to:

    All current and former hourly-paid Maintenance Technicians, and similarly titled employees of Volvo Car North America, LLC who performed compensable activities "off the clock" during the Violation Period, at the Volvo facility located in Ridgeville, South Carolina. ("Covered Employees")

28. This action is properly maintained as a collective action because Plaintiff is similarly situated to the Covered Employees with respect to Volvo's common plans, policies and practices of failing to pay them for "off the clock" work time, including compensation at one-and one-half times their regular hourly rate of pay for all such "off the clock" overtime work in excess of forty (40) per week within weekly pay periods during the Violation Period.

29. Volvo required, forced, induced, encouraged, expected and, suffered or permitted, Plaintiff and other similarly situated Covered Employees to work hours during weekly pay periods of the Violation Period without full compensation and, to work more than forty (40) hours per week during weekly pay periods of the Violation Period, without being paid overtime compensation, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

30. Volvo knew Plaintiff and other similarly situated Covered Employees' "off the clock" work required additional wages and overtime compensation to be paid them. Nonetheless, Volvo operated under the aforementioned centralized and common plans, policies and practices (schemes) to deprive Plaintiff and other similarly situated Covered Employees of wages and overtime compensation as required by the FLSA.

31. Plaintiff believes the definition of the class could be further refined following discovery of Volvo's records.

32. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

33. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class who work or have worked for Volvo are and were subject to its same and common operational, compensation and timekeeping plans, policies and practices, including Volvo's common plan, policy and practice of working them "off the clock."

34. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

    - Whether Plaintiff and Covered Employees were expected, induced and/or required to work "off the clock", without being compensated for such "off the clock" work.

    - Whether Volvo suffered and permitted Plaintiff and Covered Employees to work "off the clock" hours without compensation, including hours in excess of forty (40) per week within weekly pay periods during the relevant statutory limitations' period;

    - Whether Volvo failed to pay Plaintiff and Covered Employees all overtime compensation due them for all hours worked in excess of forty (40) hours per week within weekly pay period during the relevant statutory limitations' period;

    - The correct statutes of limitations for Plaintiff's claims and the claims of Covered Employees;

    - Whether Plaintiff and Covered Employees are entitled to damages from Volvo, including but not limited to liquidated damages, and the measure of the damages; and,

    - Whether Volvo is liable for interest, attorneys' interest, fees, and costs to Plaintiff and Covered Employees;

35. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and, he has retained competent counsel who are experienced in collective action litigation.

36. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

37. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the previously described unlawful policies, practices, and procedures implemented and administered by Volvo.

38. Volvo's conduct, as alleged herein, was willful and has caused significant damage and loss of wages and overtime compensation to Plaintiff and other similarly situated Covered Employees. Volvo lacked a good faith basis for its failure to work Plaintiff and class members "off the clock" without compensation.

39. Volvo is liable under the FLSA for failing to properly compensate Plaintiff and other similarly situated Covered Employees. Plaintiff requests the Court to authorize notice to the members of the collective class, to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

40. Plaintiff estimates there are approximately a couple hundred members of the class. The precise number of class members can be easily ascertained by using Volvo's payroll and personnel records. Given the composition and size of the class, members of the class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Volvo's facility located in Ridgeville, South Carolina.

## RULE 23 CLASS ACTION ALLEGATIONS

41. Plaintiff also bring this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of employees, who were employed by Defendant within the three (3) years prior to the filing of this lawsuit and who had their rights violated under the SCPWA. The class consists of:

    All current and former hourly-paid Maintenance Technicians, and similarly titled employees of Volvo Car North America, LLC who performed compensable activities "off the clock" during work weeks when they worked less than forty hours a week in the Violation Period, at the Volvo facility located in Ridgeville, South Carolina. ("Covered Employees")

42. Upon information and belief, this action satisfies the requirements of the South Carolina Rules of Civil Procedure 23(a), as alleged in the following particulars:

    a. The proposed Plaintiff's class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed Plaintiff's class;

    c. The claims of Plaintiff, the representative of the proposed Plaintiff's class, are typical of the claims of the proposed Plaintiffs class; and

      d.  Plaintiff, the representative of the proposed Plaintiff's class, will fairly and adequately protect the interests of the class.

43. In addition, upon information and belief, this action satisfies one or more of the requirements of South Carolina Rules of Civil Procedure., because the questions of law and/or fact common to the members of the proposed Plaintiff's class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

45. Plaintiff and other current and former Covered Employees of Volvo have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

46. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

47. Plaintiff and other similarly situated Covered Employees of Volvo regularly performed compensable "off the clock" work duties during weekly pay periods of the Violation Period but were not paid for all such "off the clock" hours worked and were not paid overtime wages for all such "off the clock" overtime work -- all in violation of the FLSA.

48. Through its common plans, policies, practices and actions, Volvo violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and other similarly situated individuals for all actual hours worked, including overtime hours worked.

49. The "off the clock" unpaid wage claims of Plaintiff and other similarly situated Covered Employees are unified through a common theory of FLSA violations.

50. Plaintiff and other Covered Employees are similarly situated in that they are and have been subjected to Volvo's common plan, policy and practice of working them "off the clock", without being paid for such "off the clock" work hours during the Violation Period.

51. The foregoing actions of Volvo violated the FLSA.

52. Volvo's actions were willful and not in good faith.

53. As a direct and proximate cause of Volvo's unlawful conduct, Plaintiff and other similarly situated Covered Employees have suffered and will continue to suffer a loss of income and other damages.

54. Volvo is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## SECOND CAUSE OF ACTION
## VIOLATION OF SOUTH CAROLINA PAYMENT OF WAGES ACT

55. Plaintiff incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

56. Plaintiff and similarly situated Maintenance Technicians seek to recover all their unpaid wages not just the wages when they worked over hours a week.

57. Plaintiff and similarly situated Maintenance Technicians seek to recover wages for all the times they worked "off the clock" and worked less than forty (40) hours in a work week. During those work weeks Plaintiff and Class members are seeking to recover their regular hourly rate.

58. Defendant is a "employer" as defined by S.C. Code § 41-10-10(1).

59. Defendant employs Plaintiff and similarly situated Maintenance Technicians, within the State of South Carolina.

60. Defendant failed to pay "wages," as defined by S.C. Code §41-10-10(2), and pursuant to Plaintiff's employment agreement.

61. S.C. Code §41-10-10(2) defines "wages" as all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract.

62. The Defendant violated Plaintiff's and Covered Employees' employment agreement and the South Carolina Payment of Wages Act by not compensating Plaintiff and similarly situated Maintenance Technicians, for the compensable "off the clock" work they performed that was less than forty (40) hours in a work week.

63. Plaintiff and Covered Employees are owed wages pursuant to the South Carolina Payment of Wages Act because the Defendants did not pay Plaintiff and Covered Employees their wages due per their employment agreement.

64. Defendant refused to pay Plaintiff's wages due, as required by S.C. Code §41-10-40 and -50.

65. Pursuant to S.C. Code §41-10-80(C), Plaintiff and Covered Employees are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, plus costs and reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the and Covered Employees demand that the Court enter judgment in their favor on this Collective Action and Rule 23 Class Complaint and:

a. Award judgment in favor of Plaintiff and other similarly situated Covered Employees against Volvo for an amount equal to Plaintiff's and Opt-In Plaintiffs' unpaid back wages pursuant to the applicable wage and overtime rates;

b. For certification of and notice to the collective class as further defined and determined by motions practice;

c. Designation of a Rule 23 Class;

d. Find and declare that Volvo's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

e. Award Plaintiff and Opt-In Plaintiffs liquidated damages in accordance with the FLSA;

f. A Court Order for Injunctive relief, requiring the Defendant to pay Plaintiff and Covered Employees in accordance South Carolina Payment of Wages Act and the FLSA moving forward;

g. An award to Plaintiff and other similarly situated Covered Employees of their unpaid wages; pursuant to the South Carolina Payment of Wages Act;

h. An award to Plaintiff and other similarly situated Covered Employees of treble damages pursuant to the South Carolina Payment of Wages Act;

i. Award prejudgment interest (to the extent that liquidated damages are not awarded);

j. Award Plaintiff and Opt-In Plaintiffs' reasonable attorneys' fees and all costs of this action, to be paid by Volvo, in accordance with the FLSA;

k. Award pre and post-judgment interest and court costs as further allowed by law;

l.  Provide additional general and equitable relief to which Plaintiff and Opt-In Plaintiffs may be entitled; and,

m.  Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demand a **trial by jury** as to all issues.

Respectfully Submitted,

s/ Marybeth Mullaney
**MULLANEY LAW**
Marybeth Mullaney (Fed. ID No. 11162)
652 Rutledge Ave, Suite A
Charleston, South Carolina 29403
Phone (843) 588-5587
marybeth@mullaneylaw.net

*/s/ J.Russ Bryant*
J. Russ Bryant (TN BPR #33830)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*(Proc Hac Vice Application pending*

Dated: December 15, 2023.